J-S19033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| §COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAYNARD GRAVES, | : | |
| | : | |
| Appellant | : | No. 2546 EDA 2014 |

Appeal from the PCRA Order entered on July 21, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s):  CP-51-CR-0810851-1994;
CP-51-CR-0810861-1994; CP-51-CR-0810871-1994;
CP-51-CR-0907261-1994; CP-51-CR-1000861-1994

BEFORE:  STABILE, JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED APRIL 29, 2015**

Raynard Graves ("Graves"), *pro se*, appeals from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In 1995, after two separate trials, Graves was convicted of aggravated assault, recklessly endangering another person, violations of the Uniform Firearms Act, possessing instruments of crime, and four counts of robbery.[1] The trial court sentenced Graves to an aggregate term of 52½ to 105 years in prison.

Graves appealed his judgments of sentence, which were consolidated for review.  This Court affirmed the judgments of sentence in 1997, and the

---

[1] 18 Pa.C.S.A. §§ 2702, 2705, 6106, 6108, 907, 3701.

Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Graves*, 698 A.2d 1345 (Pa. Super. 1997) (unpublished memorandum), *appeal denied*, 723 A.2d 670 (Pa. 1998).

Graves filed his first PCRA Petition, *pro se*, on December 27, 2007. The PCRA court appointed counsel, who determined that Graves's Petition was untimely filed and filed a Petition to withdraw from representation pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988). The PCRA court granted counsel's Petition and dismissed Graves's Petition as untimely. This Court affirmed the dismissal. *See Commonwealth v. Graves*, 984 A.2d 1013 (Pa. Super. 2009) (judgment order).

Graves filed the instant PCRA Petition in 2012. After issuing a Notice of Intent to Dismiss, the PCRA court dismissed the Petition as untimely. Graves filed a timely Notice of Appeal.

On appeal, Graves raises the following question for our review: "Whether the trial court improperly denied [Graves's] PCRA [P]etition as untimely without a hearing[?]" Brief for Appellant at 3.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

- 2 -

Graves claims that the PCRA court erred in dismissing his Petition without a hearing. Brief for Appellant at 7. Graves argues that his trial counsel was ineffective for advising him against accepting the plea deal offered by the Commonwealth. *Id.*

Initially, under the PCRA, any PCRA petition "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Graves's Petition is facially untimely under the PCRA. *See* 42 Pa.C.S.A. § 9545(b). However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Here, Graves invokes the newly recognized constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii). Graves asserts that the United

States Supreme Court's decisions in *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), which extended the Sixth Amendment right to counsel to the plea-bargaining process, recognize a new constitutional right that can overcome the PCRA's time bar. Brief for Appellant at 10-11.

However, Graves did not meet the 60-day filing requirement set forth in 42 Pa.C.S.A. § 9545(b)(2). The United States Supreme Court issued the *Frye* and *Lafler* decisions on March 21, 2012. Graves did not file the instant Petition until August 21, 2012. Graves argues that he satisfied the timeliness requirement because he filed the Petition within 60 days of learning about the *Frye* and *Lafler* decisions. Brief for Appellant at 11. However, the newly recognized constitutional right exception must be raised within 60 days of the date of the underlying judicial decision, *regardless of when the defendant learned about the decision*. *See Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007). Thus, Graves failed to timely invoke the exception provided by section 9545(b)(1)(iii).

Furthermore, in order to invoke the newly recognized constitutional right exception, the petitioner must demonstrate that the United States Supreme Court or the Pennsylvania Supreme Court recognized a new constitutional right. *Commonwealth v. Miller*, 102 A.3d 988, 994 (Pa. Super. 2014). This Court has explicitly held that *Frye* and *Lafler* did not create a new constitutional right. *Commonwealth v. Feliciano*, 69 A.3d

1270, 1277 (Pa. Super. 2013); *accord Commonwealth v. Hernandez*, 79 A.3d 649, 654 (Pa. Super. 2013). Rather, *Frye* and *Lafler* merely extended the existing Sixth Amendment right to the plea-bargaining process. *Feliciano*, 69 A.3d at 1277. Therefore, Graves has failed to plead and prove the exception provided in 42 Pa.C.S.A. § 9545(b)(1)(iii) to overcome the untimeliness of his Petition. *See id.*[2]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/2015

---

[2] To the extent Graves claims that the ineffectiveness of his trial counsel invoked an exception to the timeliness requirement, we affirm "that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005). Further, Graves's claim that the PCRA court erred in dismissing his PCRA Petition without holding an evidentiary hearing is without merit. "[I]t is well settled that the right to an evidentiary hearing on a PCRA petition is not absolute, and the PCRA court may decline to hold a hearing if the petitioner's claims are patently frivolous with no support in either the record or other evidence." *Commonwealth v. Garcia*, 23 A.3d 1059, 1066 n.9 (Pa. Super. 2011). In this case, where Graves filed an untimely PCRA Petition and did not prove and plead an exception to the timeliness requirement, we conclude that the PCRA court did not abuse its discretion in declining to hold an evidentiary hearing. *See id.*